JUSTICE TRIEWEILER
dissenting.
¶28 I dissent from the majority opinion which reverses the suppression order of the District Court.
¶29 The District Court’s order is perfectly logical when considered in light of the charges against Bird. Bird was charged with reckless driving in violation of § 61-8-301(b), MCA, for eluding a Cut Bank police officer. The notice to appear and complaint issued by the arresting officer identifies the location of the offense as West Main Street in Cut Bank. In fact, had the offense occurred beyond the city limits of Cut Bank, city police would have had no authority to make the arrest. See § 7-32-4301, MCA.
¶30 The important point is that Bird was not charged with reckless driving based on conduct that occurred on the Blackfeet Reservation nor would any Cut Bank police officer have had authority to arrest him based on conduct that occurred on the Reservation. Therefore, Bird’s conduct after he crossed onto the Reservation was irrelevant and was evidence properly excluded.
¶31 The District Court’s March 22, 2000, minute entry is the only record of the suppression order from which the City appeals. It states in relevant part as follows:
It is the ruling of this court that the state of Montana did not have jurisdiction to effect the arrest on the Reservation, therefore the evidence that was acquired at the time of the stop would not be admissible, nor would evidence of actions that occurred after the vehicle crossed onto the Reservation be admissible. The actions of the vehicle from first being observed until it crossed out of the city limits and what happened at the sheriffs office and the statement of one witness (Garey Kramer) when he was at the sheriffs office *468 would be admissible.
¶32 In other words, all of the evidence in any way relevant to the charges against Bird was specifically permitted by the District Court’s order. That evidence was Bird’s conduct within the city limits of Cut Bank and statements made by the passenger in his vehicle who identified him as the operator of the vehicle. None of the evidence actually suppressed by the District Court was in any way probative of Bird’s guilt or innocence. Therefore, it is unnecessary to reach the issue of whether the District Court’s jurisdictional analysis was correct.
¶33 For these reasons, I dissent from the majority opinion. I would affirm the order of the District Court.